

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,736-01

**EX PARTE FREDERICK D. ERVIN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 9402JD-HC-1 IN THE 1-A DISTRICT COURT
### FROM JASPER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life imprisonment. He did not appeal his conviction.

Applicant contends that trial counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel

to respond to Applicant's ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make findings and conclusions as to whether Applicant's claim is barred by the doctrine of laches. In doing so, the trial court shall give Applicant an opportunity to respond and explain his delay. *Ex parte Smith*, 444 S.W.3d 661, 670 (Tex. Crim. App. 2014). The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 15, 2015
Do not publish